IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

STEVEN B. TURNER, JR.                §
    #10146556                         §
v.                                   §          C.A. NO. C-09-020
                                     §
OFFICER MCGINLEY                     §

**ORDER OF DISMISSAL**

This case was filed as a civil rights action pursuant to 42 U.S.C. § 1983 by a pre-trial detainee.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, plaintiff's action is dismissed because (1) he cannot demonstrate that he sustained more than a *de minimis* physical injury; and (2) his claims against defendant are premature.

## I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.  Upon consent of the plaintiff, (D.E. 10), this case was referred to a magistrate judge to conduct all further proceedings, including entry of final judgment.  (D.E. 11); see also 28 U.S.C. § 636(c).

## II.  BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a pre-trial detainee who is currently confined at the Nueces County Jail in Corpus Christi, Texas.  He filed this lawsuit on January 29, 2009, alleging that Officer McGinley of the Corpus Christi Police Department illegally entered and searched his residence as well as illegally detained him.  (D.E. 1).

A Spears[1] hearing was conducted on February 17, 2009.  The following allegations were made in plaintiff's original complaint, or at the hearing.

On December 7, 2008, at approximately 10:00 p.m., plaintiff heard a knock on his front door by an officer claiming to be with the Corpus Christi Police Department.  Plaintiff opened his front door, and the officer, now known to be defendant Officer McGinley, asked plaintiff for his identification.  Officer McGinley then asked plaintiff if he was a "Mr. Brannon," which plaintiff denied.  Plaintiff told Officer McGinley that Mr. Brannon was a blind veteran who his wife was taking care of at their home.  Plaintiff called Mr. Brannon to come to the door, and plaintiff went to get his identification.

Uninvited, Officer McGinley entered plaintiff's home and began to follow him.  Plaintiff

_____

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

2

told him to wait because his wife and a girlfriend were changing clothes in the bedroom. However, Officer McGinley insisted on following plaintiff to his bedroom door. Plaintiff stuck his head in and asked his wife to get his wallet. Plaintiff then shut the door and turned around. Officer McGinley grabbed plaintiff by his left arm and told him to move. The bedroom door was locked, and Officer McGinley began beating on the door and threatening to kick it in. Then, another officer came up the stairs and immediately hand-cuffed plaintiff. Half-dressed, plaintiff's wife then opened the bedroom door with plaintiff's wallet in her hand. Officer McGinley patted down his wife and found drugs in her bra. He also put his hands down his wife's pants.

Plaintiff, his wife, and her friend were all placed in custody. Plaintiff was held in one police vehicle, while his wife and her friend were held in another police vehicle. After about an hour later, two women officers arrived on the scene and searched the women.

Plaintiff acknowledged that he did not suffer any physical injuries. Moreover, he described the only harm that he suffered as slander and missing work and time with his family.

Plaintiff was charged with possession of a controlled substance and his criminal case is still pending. He is represented by an attorney who has filed a motion to dismiss regarding the charges against him. His wife was extradited to Lafayette County, Missouri after she pleaded guilty in her criminal case.

Plaintiff wants to press sexual assault charges against Officer McGinley. He wants the drug charges against him to be dismissed, as well as the charges against his wife because of the illegal entry and illegal search and seizure. He wants money damages for himself in the amount of $2.5 million for illegal detention, lost wages since his detention, racial profiling, slander,

mental stress, public embarrassment, and loss of time with family members while being illegally detained.

### III.  DISCUSSION

**A.      Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C. § 1983.**

Federal law provides for *sua sponte* dismissal if the Court finds that the complaint is frivolous or that it fails to state a claim upon which relief can be granted.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(a); 42 U.S.C. § 1997e(c)(1).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The Supreme Court has established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  Id. (citation omitted).

**B.      Plaintiff's Claims Are Premature.**

Plaintiff is suing defendant McGinley, alleging that his home was illegally searched and that he was illegally detained.

The Supreme Court has explained that "[w]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is

4

entitled to immediate release or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 487 (1973); accord Spina v. Aaron, 821 F.2d 1126, 1127-28 (5th Cir. 1987). Moreover, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid [rather than seeking immediate or speedier release], a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); accord Kutzner v. Montgomery County, 303 F.3d 339, 340 (5th Cir. 2002) (per curiam).

Here, plaintiff claims that defendant conducted an illegal search of his home and illegally detained him. However, if plaintiff were to prevail on these claims, he would necessarily not be convicted on the state court drug charges against him, and he would be entitled to release from jail. Thus, plaintiff's claims are more properly raised in a habeas corpus proceeding. Preiser, 411 U.S. at 487. Alternatively, he must seek an acquittal or dismissal of the charges against him.

Moreover, plaintiff's damage claims resulting from defendant's allegedly unconstitutional conduct are not cognizable unless and until he can demonstrate that the challenged proceedings were in fact unconstitutional and have been vacated or set aside by a court of competent jurisdiction. Heck, 512 U.S. at 486-87. Plaintiff's criminal case is still pending. Thus, plaintiff's § 1983 claims are premature until he has first set aside his conviction.

## C.     Plaintiff Fails To Establish Any Physical Injury.

Plaintiff maintains that he suffered mental distress as a result of being confined due to defendant's actions and his allegedly unconstitutional detention.

Section 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner for

mental or emotional injury suffered while in custody without a prior showing of physical injury."

The "physical injury" required by § 1997e(e) "must be more than de [minimis] but need not be

significant." <u>Harper v. Showers</u>, 174 F.3d 716, 719 (5th Cir. 1999) (citation omitted); <u>accord</u>

<u>Alexander v. Tippah County, Miss.</u>, 351 F.3d 626, 631 (5th Cir. 2003).  .

      Plaintiff fails to allege a sufficient physical injury with respect to his imprisonment.  He

admitted that he has not suffered any physical injury based on defendant's actions.  Thus,

plaintiff's claims must be dismissed for failure to satisfy the physical injury requirement.  42

U.S.C. § 1997e(e).

**D.**      **Plaintiff Has Failed To Establish A Claim Of Slander.**

      Plaintiff alleges that he was slandered by defendant based on his arrest and detention.

The Fifth Circuit has "held that injury to reputation alone does not give rise to section 1983

liability." <u>Oliver v. Collins</u>, 904 F.2d 278, 281 (5th Cir. 1990).  "For a reputational harm or

stigma to be actionable under § 1983, the utterance must be coupled with a loss of or adverse

effect on a person's legal status." <u>Pasdon v. City of Peabody</u>, 417 F.3d 225, 229 (1st Cir. 2005)

(citing <u>Paul v. Davis</u>, 424 U.S. 693, 707-09 (1976)); <u>accord</u> <u>Texas v. Thompson</u>, 70 F.3d 390,

392 (5th Cir. 1995) (citing <u>Paul v. Davis</u>).  The Fifth Circuit has enunciated a "stigma-plus-

infringement" test.  <u>Thompson</u>, 70 F.3d at 392 (citation omitted).  The court further explained

that "[t]o meet the stigma prong, a plaintiff must show that the stigma was caused by concrete,

false factual assertions by a state actor.  To establish the infringement prong, a plaintiff must

show that the state sought to remove or significantly alter a life, liberty, or property interest

recognized and protected by state law, or one of the incorporated provisions of the Bill of

Rights." <u>Id.</u> (citations omitted).  Despite his allegation, plaintiff has failed to specifically

identify the slander at issue in this action.  Moreover, the only protected interest that plaintiff alludes to is his liberty, which is a premature claim.

**E.      Plaintiff's Wife's Claims Are Dismissed Without Prejudice.**

Plaintiff purports to be seeking damage claims for his wife.  However, plaintiff is not an attorney, and as such, he cannot represent his wife's interests.  See 28 U.S.C. § 1654; see also Hui Yu v. U.S. Dep't of Homeland Sec., 568 F. Supp.2d 231, 234 (D. Conn. 2008) (pro se litigant may not raise claims on behalf of his wife); Lindstrom v. State of Illinois, 632 F. Supp. 1535, (N.D. Ill. 1986) (same).  Thus, any alleged claims of plaintiff's wife against defendant are dismissed without prejudice.

## IV.  CONCLUSION

Plaintiff fails to establish that any defendant's conduct caused him to suffer more than a *de minimis* physical injury, such that his claims are barred by 42 U.S.C. § 1997e(e).  Moreover, even if plaintiff could establish more than a *de minimis* physical injury, his claims are premature. For these reasons, plaintiff's claims are dismissed with prejudice.

ORDERED this 19th day of February 2009.

BRIAN  L.  OWSLEY
UNITED STATES MAGISTRATE JUDGE